# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| LAUTH INVESTMENT PROPERTIES, LLC, et al.[1] | Case No. 09-06065-BHL-11 |
| Debtors. | Jointly Administered |

## DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF KIRKLAND & ELLIS LLP AS ATTORNEYS FOR THE DEBTORS NUNC PRO TUNC TO THE PETITION DATE

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby file this application (the "Application"), for the entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors' employment and retention of Kirkland & Ellis LLP ("K&E") as their attorneys in connection with their chapter 11 cases nunc pro tunc to the Petition Date (as defined herein). In support of this Application, the Debtors submit the Declaration of James A. Stempel, a partner at K&E (the "Stempel Declaration"), attached hereto as **Exhibit B**. In further support of this Application, the Debtors respectfully state as follows:

### Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these Chapter 11 Cases are: Lauth Investment Properties, LLC; LIP Development, LLC; and LIP Investment, LLC.

K&E 14534835.

3. The statutory bases for the relief requested herein are sections 327(a) and 330 of the Bankruptcy Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules B-2014 and B-2016 of the Local Rules of the United States Bankruptcy Court for the Southern District of Indiana (the "Local Rules").

**Background**

4. On May 1, 2009 (the "Petition Date"), each of the Debtors filed a petition with the Court for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases, and no committees have been appointed or designated. On May 15, 2009, the Court entered an order jointly administering the Debtors' Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).

**Relief Requested**

5. By this Application, the Debtors seek the entry of an order authorizing the employment and retention of K&E as their attorneys in accordance with the terms and conditions set forth in that certain engagement letter effective as of May 1, 2009, by and between the Debtors and K&E (the "Engagement Letter"), a copy of which is annexed as **Exhibit 1** to **Exhibit A** attached hereto and incorporated herein by reference.

**K&E's Qualifications**

6. The Debtors seek to retain K&E because of K&E's recognized expertise and extensive experience and knowledge in the field of debtors' protections, creditors' rights and business reorganizations under Chapter 11 of the Bankruptcy Code.

2

7. K&E has been actively involved in major chapter 11 cases and has represented debtors in many cases, including, among others: In re Chemtura Corp., Case No. -09-11233 (Bankr. S.D.N.Y. Apr. 29, 2009); In re Charter Commc'ns, Inc., Case No. 09-11435 (Bankr. S.D.N.Y. Mar. 27, 2009); In re Masonite Corp., Case No. 09-10844 (Bankr. D. Del. Apr. 15, 2009); In re Tronox, Inc., Case No. 09-10156 (Bankr. S.D.N.Y. Feb. 6, 2009); In re Flying J, Inc., Case No. 08-13384 (Bankr. D. Del. Jan. 15, 2009); In re Portola Packaging, Inc., Case No. 08-12001 (Bankr. D. Del. Sept. 22, 2008); In re Hines Horticulture, Inc., Case No. 08-11922 (Bankr. D. Del. Sep. 10, 2008); In re Pierre Foods, Inc., Case No. 08-11480 (Bankr. D. Del. Aug. 14, 2008); In re ACG Holdings, Inc., Case No. 08–11467 (Bankr. D. Del. Aug. 11, 2008); In re Tropicana Entm't, LLC, Case No. 08-10856 (Bankr. D. Del. May 30, 2008); In re Kimball Hill, Inc., Case No. 08-10095 (Bankr. N.D. Ill. May 13, 2008); In re Wellman, Inc., Case No. 08-10595 (Bankr. S.D.N.Y. Feb. 22, 2008).

8. In preparing for its representation of the Debtors in these Chapter 11 Cases, K&E has become familiar with the Debtors' businesses and many of the potential legal issues that may arise in the context of these Chapter 11 Cases. The Debtors believe that K&E is both well qualified and uniquely able to represent them in these Chapter 11 Cases in an efficient and timely manner.

**Services to Be Provided**

9.    Subject to further order of the Court and consistent with the Engagement Letter, the Debtors request the employment and retention of K&E to render the following legal services:[2]

- a. advising the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of their business and properties;

- b. advising and consulting on the conduct of the Chapter 11 Cases, including all of the legal and administrative requirements of operating in chapter 11;

- c. attending meetings and negotiating with representatives of the Debtors' creditors and other parties in interest;

- d. taking all necessary action to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors and representing the Debtors' interests in negotiations concerning all litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;

- e. preparing all pleadings, including motions, applications, answers, orders, reports and papers necessary or otherwise beneficial to the administration of the Debtors' estates;

- f. representing the Debtors in connection with obtaining any postpetition financing;

- g. advising the Debtors in connection with any potential sale of assets;

- h. appearing before the Court and any appellate courts or other courts to represent the interests of the Debtors' estates before those courts;

- i. consulting with the Debtors regarding tax matters;

- j. taking any necessary action on behalf of the Debtors to negotiate, prepare on behalf of the Debtors and obtain approval of a chapter 11 plan and all documents related thereto; and

---

[2]   The description of the terms of the Engagement Letter is qualified in its entirety by reference thereto. To the extent that the following summary and the terms of the Engagement Letter differ, the terms of the Engagement Letter shall control in all respects.

4

K&E 14534835.

k.  performing all other necessary or otherwise beneficial legal services for the Debtors in connection with the prosecution of these Chapter 11 Cases, including (i) analyzing the Debtors' leases and contracts and the assumptions, rejections or assignments thereof, (ii) analyzing the validity of liens against the Debtors and (iii) advising the Debtors on corporate and litigation matters.

**Compensation Received by K&E from the Debtors**

10. Consistent with the terms of the Engagement Letter, on January 16, 2009, the Debtors paid $100,000 to K&E, of which $51,834.50 constituted a classic retainer (the "Initial K&E Retainer"). In addition, the Debtors paid to K&E an additional classic retainer of $1,000,000 (the "Supplemental K&E Retainer" and together with the Initial K&E Retainer, the "K&E Retainer"). The K&E Retainer constitutes a "classic retainer" as defined in In re Prod. Assocs., Ltd., 264 B.R. 180, 184–85 (Bankr. N.D. Ill. 2001), and In re McDonald Bros. Constr., Inc., 114 B.R. 989, 997–99 (Bankr. N.D. Ill. 1990). As such, K&E earned the classic retainer upon receipt, and, consequently, K&E placed that amount into its general cash account. The amounts K&E has invoiced the Debtors against the classic K&E Retainer for professional services and for the reimbursement of reasonable and necessary expenses incurred in connection therewith are set forth in the chart below. As of the Petition Date, the retainer balance was approximately $1,040,000.

11. During the 90-day period prior to the Petition Date, the Debtors paid K&E the following amounts:

| Period of Service | Invoice Date | Billed Amount | Retainer Payment Date | Retainer Replenishment | Retainer Balance |
|---|---|---|---|---|---|
| Retainer | | | 1/16/09 | | $51,834.50 |
| January 2009 | 2/12/09 | $7,765.91 | 2/12/09 | | $44,068.59 |
| February 2009 | 3/13/09 | $32,556.29 | 3/13/09 | | $11,512.30 |
| | | | 3/30/09 | $88,487.70 | $100,000.00 |
| March 2009 | 4/13/09 | $59,285.37 | | | $40,714.63 |
| | | | 4/28/09 | $1,000,000 | $1,040,714.63 |

5

K&E 14534835.

12.     As of the Petition Date, the Debtors did not owe K&E any amounts for legal services rendered before the Petition Date.  Although certain expenses and fees may have been incurred, but not yet applied to the K&E Retainer, such amounts, if any, would be less than the balance of the K&E Retainer as of the Petition Date.  In addition, K&E does not anticipate the Debtors making any retainer payments to K&E during these Chapter 11 Cases.

### Professional Compensation

13.     K&E intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, guidelines established by the Office of the United States Trustee for the Southern District of Indiana and any other applicable procedures and orders of the Court.  The hourly rates and corresponding rate structure to be utilized by K&E in these Chapter 11 Cases are essentially equivalent to the hourly rates and corresponding rate structure used by K&E for restructuring, workout, bankruptcy, insolvency and comparable matters, as well as similar complex corporate, securities and litigation matters whether in court or otherwise, regardless of whether a fee application is required.  These rates and the rate structure reflect that such restructuring and other complex matters are typically national in scope and involve great complexity, high stakes and severe time pressures.

14.     K&E operates in a dynamic, national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance and reputation, the nature of the work involved and other factors.  Because the sub-markets for legal services are fragmented and are affected by a variety of individualized and interdependent factors, K&E does not have a single rate for an individual biller that applies to all matters for all clients.  K&E rates for an individual biller may vary as a

function of the type of matter, geographic factors, the nature of certain long-term client relationships and various other factors, including those enumerated above.

15.     K&E's hourly rates are set at a level designed to fairly compensate K&E for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.  In particular, the current rates for attorneys who K&E anticipates may work on matters related to these Chapter 11 Cases range as follows:

| Billing Category | Range |
|---|---|
| Partners | $550 - $965 |
| Of Counsel | $390 - $965 |
| Associates | $320 - $660 |
| Paraprofessionals | $110 - $280 |

16.     The following professionals are presently expected to have primary responsibility for providing services to the Debtors:  James Stempel, Ross Kwasteniet, Reed Oslan, P.C., Steven Hackney and Gary Axelrod.  In addition, from time to time, other K&E professionals and paraprofessionals will provide services to the Debtors.

17.     It is K&E's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client.  It is also K&E's policy to charge its clients only the amount actually incurred by K&E in connection with such items.  Examples of such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses, computer assisted legal research, photocopying and reasonable travel expenses, such as airfare, meals and lodging.

18.     To ensure compliance with all applicable deadlines in these Chapter 11 Cases, from time to time K&E utilizes the services of overtime secretaries.  K&E charges fees for these services in accordance with the Engagement Letter, which permits K&E to bill the Debtors for overtime secretarial charges that arise out of business necessity.  In addition, K&E professionals also may charge their overtime meals and overtime transportation to the Debtors consistent with prepetition practices.

19.     K&E currently charges between $0.10 and $0.15 per page for standard duplication in its offices in the United States.  K&E does not charge its clients for facsimile transmissions.  In addition, K&E has negotiated a discounted rate for Westlaw computer assisted legal research.  Computer assisted legal research is used whenever the researcher determines that using Westlaw is more cost effective than using traditional (non-computer assisted legal research) techniques.

20.     Pursuant to Bankruptcy Rule 2016(b), K&E has not shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, associates and contract attorneys associated with K&E or (b) any compensation another person or party has received or may receive.  As of the Petition Date, the Debtors did not owe K&E any amounts for legal services rendered before the Petition Date.

### Interim Compensation

21.     Pursuant to the Engagement Letter, a statement of the K&E's services and related expenses will be provided to the Debtors on a monthly basis, and K&E will be paid from the Debtors' cash on hand and cash from operations.  K&E will file monthly Notices of Draw with the Clerk of the Court, as set forth in Local Rule B-2014-1(e).  Pursuant to that rule, and subject to the notice and service requirements therein, K&E will be entitled to receive, and the Debtors will be authorized to pay, 80% of requested fees and 100% of expenses from the Debtors' cash

8

on hand and cash from operations prior to Court approval, subject to final allowance of fees and expenses by the Court. In addition to the Notices of Draw, K&E will periodically file fee applications seeking approval of all fees and expenses incurred by K&E.

### K&E's Disinterestedness

22. To the best of the Debtors' knowledge, and as disclosed herein and in the Stempel Declaration: (a) K&E is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates; and (b) K&E has no connection to the Debtors, their creditors or their related parties except as may be disclosed in the Stempel Declaration.

23. K&E will periodically review its files during the pendency of these Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, K&E will use reasonable efforts to identify such further developments and will file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

### Notice

24. The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of Indiana; (b) the entities listed on the Lists of Creditors Holding the 20 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) counsel to the agent for the Debtors' prepetition secured lenders; and (d) those parties who have requested service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

K&E 14534835.

**No Prior Request**

25.     No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing the Debtors to employ and retain K&E as their attorneys nunc pro tunc to the Petition Date, (b) approving the terms of the Engagement Letter, (c) setting forth interim compensation procedures authorizing the K&E to bill the Debtors on a monthly basis and to be paid 80% of requested fees and 100% of expenses prior to final Court approval in accordance with Local Rule B-2014-1 and (d) granting such other and further relief as is just and proper.

Date: May 28, 2009
Indianapolis, Indiana

Lauth Investment Properties, LLC

_____
Robert L. Lauth, Jr.
Title: Chief Executive Officer

LIP Developments, LLC

_____
Robert L. Lauth, Jr.
Title: Chief Executive Officer

LIP Investment, LLC

_____
Robert L. Lauth, Jr.
Title: Manager