**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| LAUTH INVESTMENT PROPERTIES, LLC, <u>et al.</u>,[1] | ) Case No. 09-06065-BHL-11 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE**
**DEBTORS TO OBTAIN INCREASED POSTPETITION FINANCING COMMITMENT**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") out of an abundance of caution hereby file this motion (this "<u>Motion</u>"), for the entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to obtain an increased commitment with respect to their postpetition debtor-in-possession financing facility (the "<u>DIP Facility</u>") in accordance with the DIP Credit Agreement (as defined herein) and the Final DIP Order (as defined herein).  In support of this Motion, the Debtors respectfully state as follows:

**Jurisdiction and Venue**

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1]   The Debtors in these chapter 11 cases include:  Lauth Investment Properties, LLC (09-06065); LIP Development, LLC (09-06066); LIP Investment, LLC (09-06067); Brier Creek Medical Associates Two, LLC (09-12760); Brier Creek Medical Associates, LLC (09-12761); Brier Creek Medical Partners Two, LLC (09-12762); Brier Creek Medical Partners, LLC (09-12763); Brownsburg Station Partners, LLC (09-12764); MCP Partners Three, LLC (09-12765); Meridian Medical Associates Two, LLC (09-12766); Meridian Medical Partners Two, LLC (09-12767); Middleburg Heights Medical Associates, LLC (09-12768); Middleburg Heights Medical Partners, LLC (09-12769); Moores Chapel Partners, LLC (09-12656); Virginia Beach Medical Associates, LLC (09-12770); and Virginia Beach Medical Partners, LLC (09-12771).

3.      The statutory bases for the relief requested herein are sections 105 and 364 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Rules 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

4.      On May 1, 2009, Lauth Investment Properties, LLC, LIP Development, LLC and LIP Investment, LLC (the "Original Debtors" and together with the New Debtors (as defined below), the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Original Chapter 11 Cases").

5.      On August 27, 2009, Moores Chapel Partners, LLC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On August 29, 2009, Brier Creek Medical Associates Two, LLC; Brier Creek Medical Associates, LLC; Brier Creek Medical Partners Two, LLC; Brier Creek Medical Partners, LLC; Brownsburg Station Partners, LLC; MCP Partners Three, LLC; Meridian Medical Associates Two, LLC; Meridian Medical Partners Two, LLC; Middleburg Heights Medical Associates, LLC; Middleburg Heights Medical Partners, LLC; Virginia Beach Medical Associates, LLC; Virginia Beach Medical Partners, LLC (collectively, together with Moores Chapel Partners, LLC, the "New Debtors") each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (together with the Original Chapter 11 Cases, collectively, the "Chapter 11 Cases").

6.      On May 15, 2009, the Court entered an order jointly administering the Original Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).  On September 16, 2009, the Court entered an order jointly administering the Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).  The Debtors are operating their businesses and managing their

K&E 16333211.3

properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.      On August 25, 2009, the Court entered that certain *Interim Order Under 11 U.S.C. § 105, 361, 362, 363 and 364 and Fed. R. Bankr. P. 2002, 4001 and 9014 (I) Authorizing Debtors to (A) Obtain Postpetition Financing and (B) Prescribing Form and Manner of Notice and Setting Time for Final Hearing* [Docket No. 427] (the "Interim DIP Order"), which order authorized the Debtors to obtain postpetition loans in the amount of $4 million on an interim basis under that certain Secured Debtor-in-Possession Credit and Security Agreement (as may be amended from time to time, the "DIP Credit Agreement").

8.      On November 6, 2009, the Court entered that certain *Final Order Under 11 U.S.C. § 105, 361, 362, 363 and 364 and Fed. R. Bankr. P. 2002, 4001 and 9014 Authorizing Debtors to Obtain Postpetition Financing* [Docket No. 621] (the "Final DIP Order"), which order authorized the Debtors to obtain postpetition loans in the amount of $15 million on a final basis under the DIP Credit Agreement.

9.      In accordance with Section 2.15 of the DIP Credit Agreement, the Debtors, subject to the consent of LIP Lender, LLC (the "DIP Lender") and the conditions set forth therein, may from to time after the Final DIP Order is entered seek to increase the maximum loan commitment under the DIP Facility from $15 million to up to $25 million.

10.     As discussed more fully herein, of the $15 million initial commitment, the Debtors have used approximately $9.5 million to date, but will require the use of additional funds to pay for, among other things, working capital and general corporate purposes and to fund project-level lender agreements.  The Debtors' working capital costs have risen sharply as a result of the millions of dollars of professional fees the Debtors have incurred (and anticipate

incurring) in response to Inland's ongoing litigation campaign, including its trustee motion.  The

Debtors' updated 13-week cash flow forecast reflecting such expenses is attached hereto as

**Exhibit B**.

<b><u>The Debtors' Need for Increased Commitment</u></b>

11.     After obtaining the Final DIP Order, the Debtors have continued to pursue

negotiations with their project-level lenders regarding various restructuring alternatives in order

to emerge from chapter 11 protection as swiftly as possible.  As a result of such negotiations, the

Debtors have and intend to file pleadings reflecting the terms of various settlements with their

project-level lenders to obtain the requisite Court approval.

12.     In some instances, the Debtors may be required to fund certain expenses such as

tenant improvements under the proposed settlement agreements.  For example, under the recently

filed loan modification agreement with Wells Fargo and Wachovia, the Debtors are required to

fund approximately $5.4 million for tenant improvements and related expenses at the close of the

transaction.  See Docket No. 863.  Given that the transaction may be approved by this Court

around April 20, 2010, the Debtors will have an immediate need for funds upon closing the

transaction.  Moreover, the Debtors believe that other proposed settlement agreements may

require additional funds as well.

13.     Also, notwithstanding this positive progress, the Debtors have been faced with

increased and substantial litigation purportedly brought by Inland.  Most recently, after failing in

a months-long effort to dismiss these Chapter 11 Cases,  Inland has sought the appointment of a

trustee pursuant to *LIP Holdings, LLC's Motion to Direct Appointment of a Chapter 11 Trustee*

[Docket No. 696] (the "Trustee Motion").  While the Debtors' vigorously dispute the allegations

contained in the Trustee Motion and related supplements, the Debtors have been forced to

respond to Inland's costly and ever-widening discovery requests.  The Debtors incurred

4

significant costs preparing an expert forensic accounting analysis to rebut Inland's allegations that money was stolen.  The Debtors are also spending great sums of money preparing for the hearing on the Trustee Motion.

14.     Accordingly, pursuant to the DIP Credit Agreement and the Final DIP Order, the Debtors bring the Motion at this time out of an abundance of caution to borrow an additional $5 million under the DIP Facility, which will be necessary to preserve and maintain the Debtors' going-concern values and, ultimately, effectuate a successful reorganization.

## Relief Requested

15.     By this Motion and pursuant to the DIP Credit Agreement and the Final DIP Order, the Debtors request that the Court authorize the Debtors to borrow an additional $5 million under the DIP Facility, for an aggregate total of up to $20 million.

## Basis for Relief

**I.      The DIP Credit Agreement Specifically Authorized the Debtors to Seek to Increase Commitment Amount**

16.     Section 105 of the Bankruptcy Code permits courts to "issue any order, process, or judgment that is necessary to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).

17.     As discussed briefly above, Section 2.15 of the DIP Credit Agreement, which was approved pursuant to the Final DIP Order, specifically contemplates the Debtors' ability to seek to increase the maximum commitment amount from $15 million to up to $25 million. Specifically, Section 2.15 of the DIP Credit Agreement states:

> Subject to the consent of the Lender and the conditions set forth below, the Borrower from time to time after the Final Order is obtained may seek to increase the Maximum Loan Amount from $15,000,000 to up to $25,000,000, either by designating a Person to acquire a participation in the Term Loan equal to such increase in the Maximum Loan Amount (such designation to be effective

5

only with the prior written consent of the Lender, which consent may be withheld for any reason or for no reason, and amendment of this Credit Agreement to the extent reasonably deemed appropriate by the Lender) or by agreeing with the Lender that the Maximum Loan Amount shall be increased; <u>provided</u> that:

(i)   no Default shall have occurred and be continuing hereunder as of the effective date of such increase;

(ii)  the representations and warranties made by the Borrower and contained in Article V shall be true and correct in all material respects on and as of the effective date of each such increase with the same effect as if made on and as of such date . . .;

(iii) the aggregate amount of all such increases in the Maximum Loan Amount shall not exceed $10,000,000, for an aggregate amount of increase in the Maximum Loan Amount of up to $25,000,000;

(iv)  the aggregate amount of each such increase to the Maximum Loan Amount is an integral multiple of $500,000 and not less than $500,000;

(v)   each designated Participant is acceptable to the Lender in its sole and absolute discretion;

(vi)  the Borrower shall have executed and delivered to the Lender all documents and instruments reasonable requested by Lender in its reasonable discretion to effect each such increase in the Maximum Loan Amount . . .

18.    The Debtors seek to increase the Maximum Loan Amount (as defined in the DIP Credit Agreement) from $15,000,000 to $20,000,000, and the DIP Lender has consented to such an increase.   Moreover, there are currently no defaults existing with respect to the DIP Credit Agreement and the Debtors maintain that all representations and warranties contained in the DIP Credit Agreement remain true and correct.  Accordingly, the Debtors believe they are permitted to obtain an increase in the postpetition financing commitment amount pursuant to the DIP Credit Agreement.  In addition, there are no prohibitions in the Final DIP Order or otherwise that would preclude the Debtors from seeking the relief requested herein.

6

K&E 16333211.3

**II.    The Debtors Should Be Permitted to Obtain Additional Postpetition Financing Pursuant to Section 364(c) of the Bankruptcy Code**

19.    As set forth above, the Debtors will have a need for additional liquidity in the near term to pay for the costs of these Chapter 11 Cases and to provide for the ongoing working capital requirements of the Debtors and for general corporate purposes.

**A.    The Debtors Were Unable to Obtain Additional Postpetition Credit on an Unsecured Basis and Could Not Obtain More Favorable Postpetition Credit from Any Other Lender**

20.    Section 364 of the Bankruptcy Code distinguishes among (a) obtaining unsecured credit in the ordinary course of business, (b) obtaining unsecured credit outside the ordinary course of business and (c) obtaining credit with specialized priority or on a secured basis.

21.    Pursuant to section 364(c) of the Bankruptcy Code, if a debtor cannot obtain postpetition credit on an unsecured basis, a court may authorize such debtor to obtain credit or incur debt that is entitled to superpriority administrative expense status, secured by a senior lien on unencumbered property, or secured by a junior lien on encumbered property.  See 11 U.S.C. § 364(c); see also Pearl-Phil GMT (Far East) Ltd. v. Caldor Corp., 266 B.R. 575, 584 (S.D.N.Y. 2001) (superpriority administrative expenses authorized where debtor could not obtain credit as an administrative expense).

22.    A debtor seeking financing under section 364(c) of the Bankruptcy Code must make a reasonable effort to seek other sources of unsecured credit, but is granted deference in acting in accordance with its business judgment and, indeed, is not required to seek credit from every possible source.  See, e.g., In re Ames Dep't Stores, Inc., 115 B.R. 34, 40 (Bankr. S.D.N.Y 1990) (approving financing facility and holding that debtor made reasonable efforts to satisfy the standards of section 364(c) to obtain less onerous terms where debtor approached four lending institutions, was rejected by two and selected the least onerous financing option from the

7

remaining two lenders); see also Bray v. Shenandoah Fed. Sav. & Loan Assoc. (In re Snowshoe Co.), 789 F.2d 1085, 1088 (4th Cir. 1986) ("The statute imposes no duty to seek credit from every possible lender before concluding that such credit is unavailable.").

23.　Moreover, where few lenders likely can or will extend the necessary credit to a debtor, "it would be unrealistic and unnecessary to require [the debtor] to conduct such an exhaustive search for financing." In re Sky Valley, Inc., 100 B.R. 107, 113 (Bankr. N.D. Ga. 1988), aff'd sub nom., Anchor Sav. Bank FSB v. Sky Valley, Inc., 99 B.R. 117, 120 n.4 (N.D. Ga. 1989); see also In re Garland Corp., 6 B.R. 456, 461 (B.A.P. 1st Cir. 1980) (secured credit under section 364(c)(2) authorized, after notice and a hearing, upon showing that unsecured credit unobtainable); In re Stanley Hotel, Inc., 15 B.R. 660, 663 (D. Colo. 1981) (bankruptcy court's finding that two national banks refused to grant unsecured loans was sufficient to support conclusion that section 364 requirement was met); Ames, 115 B.R. at 37-39 (debtor must show that it made reasonable efforts to seek other sources of financing under section 364(a) and (b)).

24.　The Debtors previously conducted a thorough marketing process and the proposal by the DIP Lender represented the best and most viable source of financing. By this Motion, the Debtors merely seek to increase the amount of the DIP Facility to provide capital necessary for, among other things, pending project-level lender settlements, ongoing litigation expenses and working capital obligations. As discussed above, the DIP Credit Agreement specifically contemplates the Debtors' ability to request an increase in the DIP Facility to up to $25 million.

**B.　The DIP Facility is Necessary to Preserve Estate Assets**

25.　Without access to funding under the DIP Credit Agreement, the Debtors' estates will suffer irreparable harm because they likely will not be able to continue to renegotiate and restructure their project level debt and to defend against the Trustee Motion.

8

26.     Furthermore, as debtors in possession, the Debtors have a fiduciary duty to protect and maximize their estates' assets.  See In re Mushroom Transp. Co., Inc., 382 F.3d 325, 339 (3d Cir. 2004); Official Comm. of Unsecured Creditors of Cybergenics Corp. v. Chinery, 330 F.3d 548, 573 (3d Cir. 2003).  Authority to obtain additional postpetition financing pursuant to the DIP Credit Agreement allows the Debtors to do precisely that.

## Waiver of Bankruptcy Rule 6004(a) and 6004(h)

27.     To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the ten-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

## Notice

28.     The Debtors have provided notice of this Motion to:  (a) the Office of the United States Trustee for the Southern District of Indiana; (b) the entities listed on the Lists of Creditors Holding the 20 Largest Unsecured Claims filed for each of the New Debtors pursuant to Bankruptcy Rule 1007(d); and (c) those parties appearing in Service List (as that term is defined in the case management procedures approved in the Original Debtors' chapter 11 cases).  In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

## No Prior Request

29.     No prior motion for the relief requested herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

K&E 16333211.3

WHEREFORE, for the reasons set forth herein, the Debtors out of an abundance of caution respectfully request that the Court enter an order authorizing the Debtors to borrow an additional $5 million under the DIP facility in accordance with the DIP Credit Agreement and the Final DIP Order and granting such other and further relief as the Court deems appropriate.

Dated:  March 24, 2010
        Indianapolis, Indiana

**TAFT STETTINIUS & HOLLISTER LLP**

/s/ Jeffrey J. Graham
Jerald I. Ancel
Jeffrey J. Graham
One Indiana Square, Suite 3500
Indianapolis, Indiana  46204
Telephone:    (317) 713-3500
Facsimile:    (317) 713-3699


            - and -

**KIRKLAND & ELLIS LLP**
Reed S. Oslan, P.C. (admitted *pro hac vice*)
James A. Stempel (admitted *pro hac vice*)
Steven C. Hackney (admitted *pro hac vice*)
Ross M. Kwasteniet (admitted *pro hac vice*)
Arun K. Kurichety (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois  60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200

Co-Counsel for the Debtors and Debtors in Possession

K&E 16333211.3

2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was served upon the attached Service List via the United States Bankruptcy Court's electronic transmission service, via e-mail transmitted by Debtors' counsel, or via first class, postage-paid U.S. mail this 24th day of March, 2010.

/s/ Jeffrey J. Graham
Jeffrey J. Graham

1211182-1

2

K&E 16333211.3

**Lauth Investment Properties, LLC, et al.**
**Case No. 09-06065-BHL-11**
**Service List**
**Updated:  03/09/2010**

**U.S. Bankruptcy Court Electronic Service**

| | | |
|---|---|---|
| Alwin, Janice A. | Creditor, Bank of America, N.A. | janice.alwin@bfkn.com |
| Ancel, Jerald I. | Debtors | jancel@taftlaw.com |
| | | ecfclerk@taftlaw.com |
| | | krussell@taftlaw.com |
| | | docket@taftlaw.com |
| | | |
| Barrett, William J. | Creditor, Bank of America, N.A. | william.barrett@bfkn.com |
| Burke, Jason R. | Creditor, M&I Marshall & Ilsley Bank | jburke@hopperblackwell.com |
| | f/k/a First Indiana Bank, N.A. | kellis@hopperblackwell.com |
| Carr, James M. | Creditors, LIP Lenders, LLC, Robert L. Lauth, | james.carr@bakerd.com |
| | Jr., Lawrence B. Palmer, Michael S. Curless | sarah.laughlin@bakerd.com |
| | and Gregory C. Gurnik | |
| Caruso, Deborah | Creditor, First Financial Bank | dcaruso@daleeke.com |
| | | lharves@daleeke.com |
| Caughey, Ben T. | Creditor, Robin S. Lauth and Julie Gurnik | ben.caughey@icemiller.com |
| Chilcote, Courtney E. | Creditor, LIP Holdings, LLC | cec@hostetler-kowalik.com |
| | | sdw@hostetler-kowalik.com |
| Cline, Fred L. | Creditor, Regions Bank | fcline@dannpecar.com |
| | | dlingenfelter@dannpecar.com |
| | | ccanny@dannpecar.com |
| | | ecf@dannpecar.com |
| | | |
| Cody, Mark A. | Creditor, Charter One Bank | macody@jonesday.com |
| Cohen, Howard Russell | Creditor, The Huntington National Bank | hcohen@fbtlaw.com |
| | Creditor, The Huntington Real Estate | dacree@fbtlaw.com |
| | Investment Company | |
| Correa, Michaeline | Creditor, Charter One Bank | mcorrea@jonesday.com |
| deLa Cruz, Sheila | Creditors, Bon Secours Hampton Roads Health | sdelacruz@hf-law.com |
| | System, Inc., Bon Secours DePaul Medical | mfalzone@hf-law.com |
| | Center, Inc. and Bon Secours Surgery Center | stoboz@hf-law.com |
| | LLC | |
| Donhauser, Linda Vojik | Creditor, Bank of America, N.A. | ldonhauser@milesstockbridge.com |
| Drobny, Stephen Paul | Creditor, Sun Trust Bank | sdrobny@shutts.com |
| | | mvandenbosch@shutts.com |
| Drummond, Mark Alan | U.S. Trustee | mad@hostetler-kowalik.com |
| | | jwellner@hostetler-kowalik.com |
| Dunn, Jeremy M. | Creditor, LIP Holdings, LLC | jmd@hostetler-kowalik.com |
| | | sdw@hostetler-kowalik.com |
| Falk, Andrew Rudolph | Creditor, Wells Fargo Bank, N.A. | arf@kgrlaw.com |
| | | pad@kgrlaw.com |
| Graham, Jeffrey J. | Debtors | jgraham@taftlaw.com |
| | | ecfclerk@taftlaw.com |
| | | krussell@taftlaw.com |
| | | docket@taftlaw.com |
| Hinds, Melissa M. | Creditor, LIP Holdings, LLC | mhinds@jenner.com |
| | | cchilders@jenner.com |
| Hokanson, Jeffrey A. | Creditor, LIP Holdings, LLC | jeff.hokanson@hostetler-kowalik.com |
| | | hkecfbackup@yahoo.com |
| | | dwp@hostetler-kowalik.com |
| Hopper, George W. | Creditor, M&I Marshall & Ilsley Bank | ghopper@hopperblackwell.com |
| | f/k/a First Indiana Bank, N.A. | mroth@hopperblackwell.com |

| | | |
|---|---|---|
| Hurley, Ryan M. | Creditors, LIP Lenders, LLC, Robert L. Lauth, Jr., Lawrence B. Palmer, Michael S. Curless and Gregory C. Gurnik | ryan.hurley@bakerd.com |
| Irving, James R. | Creditor Inland American Charlotte Lender, L.L.C. | jim.irving@dlapiper.com |
| Jacobson, Christine K. | Creditor, Charter One Bank | cjacobson@katzkorin.com<br>cwright@katzkorin.com<br>ddever@katzkorin.com |
| Jewell, John J. | Creditor Duke Energy Indiana, Inc. | jewell@evv-law.net<br>colleen@trimble-jewell.net |
| Kenney, Brian Francis | Creditor, Bank of America, N.A. | bkenney@milesstockbridge.com |
| King, Daniel Patrick. | Creditor, The Huntington National Bank | dking@fbtlaw.com<br>sgregoire@fbtlaw.com |
| Knauer, James A. | Creditor, Wells Fargo Bank, N.A. | jak@kgrlaw.com<br>hns@kgrlaw.com |
| Knoblock, Erick P. | Creditor, First Financial Bank | eknoblock@daleeke.com |
| Koppel, Steven C. | Creditor, Charter One Bank | skoppel@jonesday.com |
| Kuney, David R. | Creditor, Wells Fargo Bank, N.A. | dkuney@sidley.com |
| Levitt, Peter H. | Creditor, Sun Trust Bank | plevitt@shutts.com |
| Mappes, Harmony A. | Creditors, LIP Lenders, LLC, Robert L. Lauth, Jr., Lawrence B. Palmer, Michael S. Curless and Gregory C. Gurnik | harmony.mappes@bakerd.com |
| Matthews, James Michael | Creditor, Irwin Union Bank and Trust | jmatthews@fbtlaw.com<br>dacree@fbtlaw.com |
| McCrory, Michael K. | Creditor, Geneva Capital Group and Creditor, Geneva Capital Corporation | mmccrory@btlaw.com<br>bankruptcyindy@btlaw.com |
| Mills, Alan K. | Creditor, Salen Bank and Trust Company | alan.mills@btlaw.com<br>bragle@btlaw.com<br>bankruptcyindy@btlaw.com |
| Moloy, James P. | Creditor, Regions Bank | jmoloy@dannpecar.com<br>dlingenfelter@dannpecar.com<br>ccanny@dannpecar.com<br>ecf@dannpecar.com |
| Neal, Guy S. | Creditor, Wells Fargo Bank, N.A. | gneal@sidley.com |
| Smila, Mark S. | Creditor Piedmont Piping Mechanical Contracting, Inc. | marksamila@k2d2.com |
| Stanley, Robert K. | Creditors, LIP Lenders, LLC, Robert L. Lauth, Jr., Lawrence B. Palmer, Michael S. Curless and Gregory C. Gurnik | robert.stanley@bakerd.com |
| Steege, Catherine L. | Creditor, LIP Holdings, LLC | csteege@jenner.com<br>mhinds@jenner.com<br>thooker@jenner.com |
| U.S. Trustee | | ustpregion10.in.ecf@usdoj.gov |
| Wharton, Charles R. | U.S. Trustee | Charles.R.Wharton@usdoj.gov |
| Yeager, Joseph H. | Creditors, LIP Lenders, LLC, Robert L. Lauth, Jr., Lawrence B. Palmer, Michael S. Curless and Gregory C. Gurnik | joseph.yeager@bakerdaniels.com<br>jan.davis@bakerd.com |

**Debtor's Attorney's Electronic Mail Service**

| | | |
|---|---|---|
| Carpet Concepts, Inc. Attn: Ruth Ann Rheinfrank | Creditor | RRheinfrank@carpetconcepts.net |
| CT Corporation Attn: Tammie Bennett | Creditor | Tammie.Bennett@wolterskluwer.com |
| Duke Energy Carolinas & Midwest Attn: Yvonne C. Crenshaw | Creditor | Yvonne.Crenshaw@duke-energy.com |
| Falzone, Michael P. | Creditor Bon Secours Hampton Roads Health System, Inc., Bon Secours Surgery Center LLC & Bon Secours DePaul Medical Center, Inc. | mfalzone@hf-law.com |
| Garthwaite, Leslie S. | Debtors | leslie.garthwaite@kirkland.com |
| Hackney, Stephen C. | Debtors | stephen.hackney@kirkland.com |
| Harrington, Lee | Creditor, ST CDE IV LLC | lharrington@nixonpeabody.com |
| Horn, Alexander S. B. | Creditor, ST CDE IV LLC | ahorn@nixonpeabody.com |
| James River Grounds Mgmt. Attn: D. Johnson | Creditor | djohnson@jrgm.com |
| Johnson III, Russell R. | Creditors, Duke Energy Indiana, Inc., Duke Energy Carolinas, LLC and Carolina Power & Light Company d/b/a Progress Energy Carolinas | russj4478@aol.com |
| Kelly, Gerard D. | Creditor, Wells Fargo Bank, N.A. | gkelly@sidley.com |
| Koorsen Fire & Security, Inc. | Creditor | jkfromme99@koorsen.com |
| Koorsen Fire & Security, Inc. Attn: Kyle Rich | Creditor | ktrich99@koorsen.com |
| Kurichety, Arun | Debtors | arun.kurichety@kirkland.com |
| Kwasteniet, Ross M. | Debtors | ross.kwasteniet@kirkland.com |
| Mainscape, Inc. Attn: Jason Lee | Creditor | jlee@lewiswagner.com |
| Mainscape, Inc. Attn: Richard Blaiklock | Creditor | rblaiklock@lewiswagner.com |
| Major Clean, Inc. | Creditor | tempmajorclean@bellsouth.net |
| Marcus, Micah E. | Debtors | micah.marcus@kirkland.com |
| Masters Architectural Graphics, Inc. dba ASI-Modulex Attn: Cathy Fair | Creditor | cathy.fair@asisignage.com |
| Milione, Victor G. | Creditor, ST CDE IV LLC | vmilione@nixonpeabody.com |
| Nirider, Matthew E. | Debtors | matt.nirider@kirkland.com |
| Organek, Robin H. | Creditor, SunTrust Bank | norganek@shutts.com |
| Pelz, Joel L. | Creditor, LIP Holdings, LLC | jpelz@jenner.com |
| RAM Pavement Services, Inc. Attn: Alice | Creditor | alice@rampavement.com |
| Robin S. Lauth and Julie Gurnik c/o Richard A. Smikle | Parties-in-interest | Richard.smikle@icemiller.com |
| Robin S. Lauth and Julie Gurnik c/o Tabitha Truax-Haynes | Parties-in-interest | tabitha.truax-haynes@icemiller.com |
| SiteStuff, Inc. | Creditor | kristina.seek@sitestuff.com |
| Stempel, James A. | Debtors | james.stempel@kirkland.com |
| The Brickman Group, Ltd. Attn: Sarah Keller | Creditor | Sarah.Keller@brickmangroup.com |
| Virginia Lake Management Attn: Ellen Stace | Creditor | estace@vlmc.net |

**Debtor's Attorney's U.S. Mail Service**

Allen & Hoshall
Attn: J.C. Nelson
713 S Pear Orchard Rd
Ridgeland, MS 39157

American National Skyline of Indiana
614 N. Michigan St.
Elmhurst, IL 60126-1934

Angus Systems Group Inc.
2050 Marconi Drive, Suite 125
Alpharetta, GA 30005

Architectural Glass & Metal Co.
63334 East 32nd Court
Indianapolis, IN 46226

AT&T Atlanta GA
PO Box 105262
Atlanta, GA 30348

Baker Barrios Architects, Inc.
Attn: Dawn Sing
189 S. Orange Ave. Suite 1700
Orlando, FL 32801

Batteries Plus of Raleigh Inc
4907 Atlantic Ave
Raleigh, NC 27616

Bay Disposal, Inc.
465 E. Indiana River Road
Norfolk, VA 23523

Busses Lock Service LLC
2003 Wake Forest Rd
Raleigh, NC 27608

Carmel Utilities
PO Box 109
Carmel, IN 46082-0109

CB Richard Ellis Inc.
Location Code #2147
6000 Feldwood Road, Lockbox #406588
College Park, GA 30349-3652

CBRE Technical Services LLC
Dept. 8074
Los Angeles, CA 90084-8074

Central Security Systems, Inc.
Central Systems & Communications
6831 E. 32nd St., Suite 100
Indianapolis, IN 46226

Chardon Laboratories, Inc.
Accounts Receivable Dept-1A
PO Box 1004
Columbus, OH 43216-1004

Chesapeake Controls, Inc.
3900 Holland Boulevard
Chesapeake, VA 23323

Cintas Corporation No 2
7258 Georgetown Rd
Indianapolis, IN 46268

City of Charlotte
Billing Center
600 East 4th Street
Charlotte, NC 28250-0001

City of Virginia Beach
2401 Courthouse Dr.
Virginia Beach, VA 23456

Cox Communications
PO Box 183124
Columbus, OH 43218-3124

Crittenden Services Inc.
Commercial Power Sweeping
PO Box 6005
Suffolk, VA 23433

CRS Building Automation Sys Inc.
801 South Cedar Street
Charlotte, NC 28208

Cypress Communications Inc.
PO Box 536796
Atlanta, GA 30353-6796

Dodson Bros. Exterminating Co Inc.
PO Box 10292
Norfolk, VA 23513

Duncan Supply Co., Inc.
PO Box 1627
Indianapolis, IN 46206

Ernst & Young
111 Monument Circle Suite 2600
Indianapolis, IN 46204

Fikes Fresh Brands, Inc.
10080 E. 121st Street, #118
Fishers, IN 46037

GSF Safeway, LLC
PO Box 633879
Cincinnati, OH 45263

Guardian Property Services Inc.
Sweeping Contractors
PO Box 50151
Indianapolis, IN 46250-0151

Key West Lock & Safe
4291 Holland Road, Suite 113
Virginia Beach, VA 23452

Message Technologies, Inc.
PO Box 518
Smyrna, GA 30081-0518

Morehead Place LLC
PO Box 933764
Atlanta, GA 31193-3764

Nishida Services, Inc.
7340 Crossing Place, #100
Fishers, IN 46038

North American Lawn & Landscaping
4200 Performance Road
Charlotte, NC 28214

Peninsula Cleaning Service, Inc.
12610 Patrick Henry Drive, Suite A
Newport News, VA 23602

Piedmont Door Automation LLC
578 Griffith Rd
Charlotte, NC 28217-3546

Pinnacle Fire Systems Inc.
1013 Classic Rd
Apex, NC 27539-4402

Pitney Bowes Credit Corporation
PO Box 856460
Louisville, KY 40285-6460

Plymate Inc.
819 Elston Drive
Shelbyville, IN 46176

Pro-Cote Inc.
PO Box 1042
Carmel, IN 46082

Quality Roofing Services Inc
7920 Georgetown Road, Suite 400
Indianapolis, IN 46268

Ray's Trash Service Inc.
Drawer I
Clayton, IN 46118

SARCOM Inc.
Wareforce
PO Box 514487
Los Angeles, CA 90051-4487

SHA Homes LLC
2508 Reliance Avenue
Apex, NC 27539

Shumate Mechanical-Raleigh Inc.
5201 Old Poole Road, Suite 110
Raleigh, NC 27610

Signius Investment Corporation
4010 W 86th St, Suite D
Indianapolis, IN 46268

Soiltech Consultants
PO Box 12466
Jackson, MS 39236

Sonitrol of Greater Richmond, Inc.
PO Box 5728
Glen Allen, VA 23058-5728

Sprint Nextel –Correspondence
Attn: Bankruptcy Department
P.O. Box 7949
Overland Park, KS 66207-0949

The Budd Group Inc.
PO Box 890856
Charlotte, NC 28289-0856

The Plant Factory Interiors, Inc.
PO Box 2686
Virginia Beach, VA 23450-2686

Verizon - Dallas, TX
PO Box 660720
Dallas, TX 75266-0720

Verizon Wireless - PA
PO Box 28000
Lehigh Valley, PA 18002-8000

Waste Industries LLC
PO Box 580495
Charlotte, NC 28258-0495

1031345-1