UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| LAUTH INVESTMENT PROPERTIES, LLC., *et al.*,[1] ) | Case No. 09-06065-BHL-11 |
| ) | |
| ) | Jointly Administered |
| Debtors. ) | |

### LIP HOLDINGS, LLC'S OBJECTION TO MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO OBTAIN INCREASED POSTPETITION FINANCING COMMITMENT

LIP Holdings, LLC ("Holdings") hereby objects (the "Objection") to the *Motion of the Debtors for Entry of an Order Authorizing the Debtors to Obtain Increased Postpetition Financing Commitment* [Doc. No. 958] (the "Additional Financing Motion"). In support of the Objection, Holdings states as follows:

**Introduction**

1. The Debtors do not articulate a single compelling reason for why their request for an increased commitment under the DIP Facility[2] should be heard at any time prior to this Court's order on the Debtors' motion for confirmation of the plan filed by certain of the Debtors that are borrowers (the "Wells Fargo and Wachovia Borrowers") of Wells Fargo Bank, National Association ("Wells Fargo") and Wachovia Bank, National Association ("Wachovia"). The Debtors claim they need additional financing because the term-sheet they negotiated with Wells Fargo and Wachovia requires the Debtors to fund "$5.4 million for tenant improvements and

---

[1] The debtors include: Lauth Investment Properties, LLC (09-06065) ("LIP"); LIP Development, LLC (09-06066) ("LIP-D"); and LIP Investment, LLC (09-06067) ("LIP-I").

[2] Capitalized terms used herein shall have the meanings ascribed to them in the Additional Financing Motion.

related expenses at the close of the transaction." (Additional Financing Motion, ¶ 12). But as set forth in *LIP Holdings, LLC's Objection to Debtors' Motions to Approve Loan Modification Settlements* [Doc. No. 886], the Wells Fargo and Wachovia settlement is objectionable for many reasons, including that it improperly provides for cross-collateralization. *See, e.g., In re Saybrook Mfging, Co.*, 963 F.2d 1490, 1496 (11th Cir. 1992) (cross-collateralization is not authorized by section 364 and is "directly inconsistent with the priority scheme of the Bankruptcy Code" and "may not be approved by the bankruptcy court under its equitable authority."). It is premature for the Debtors to seek additional financing to fund a payment that would be made pursuant to a settlement agreement that has not yet been approved, and, in fact, is highly objectionable.

2.   Moreover, the timing of the Additional Financing Motion is questionable. The hearing on Holdings' motion for the appointment of a Trustee is on Monday. The Debtors argue that one reason for denying the Trustee Motion is that its insider lender, LIP Lenders, LLC (the "Insider Lender") will not continue to lend if a Trustee is appointed, and that the Insider Lender may even attempt to declare an Event of Default under its credit agreement with the Debtors. This argument is not a persuasive defense to the Trustee motion, particularly given the evidence of fraud that exists in these cases. Nevertheless, it appears that the Additional Financing Motion, in which the Debtors take their usual shots at Holdings, may have been filed as an attempt to create additional leverage on this point. In light of all these issues, it is inappropriate for the Debtors to seek additional funding at this time, and Holdings respectfully requests that this Court deny the motion.

3.   Finally, to the extent the Debtors are allowed to increase borrowings under the Additional Financing Motion, the Court's previous finding of good faith should not apply to such

borrowings, and the Insider Lender should be prohibited from declaring an Event of Default if a Trustee is appointed.

### Argument

4.　The Debtors currently have $5.5 million of availability under the existing DIP Facility (Additional Financing Motion, ¶ 10) and do not have a need for additional financing at this time. The 13-week cash flow forecast attached as Exhibit B to the Additional Financing Motion shows that the Debtors will have availability under the DIP Facility to continue operations *and* to maintain the $1.5 million dollar professional fee reserve through at least the end of May.

5.　The Debtors claim the additional financing will be necessary to pay the $5.4 million in tenant improvements and related expenses that would be required if the Debtors' settlement with Wells Fargo and Wachovia were approved. The hearing on this settlement motion and confirmation of the Wells Fargo and Wachovia Borrowers' plan is not scheduled until April 20, 2010, and Holdings objects to that settlement motion on several points. The Debtors also suggest that they need additional financing because of the "millions of dollars" they are spending in response to "Inland's ongoing litigation campaign." (Additional Financing Motion, ¶ 10). Although it is without doubt that both the Debtors and Holdings are incurring additional professional fees in connection with the hearing on the motion for appointment of a Trustee, the "millions of dollars" the Debtors claim they are spending are not being used for the benefit of the Debtors' estates, but, rather to protect the interests of the Debtors' insiders, the very individuals who, along with their wives, are the principals of the Insider Lender. The comments the Debtors make regarding Holdings in the Additional Financing Motion do not change the fact that the Debtors presently do not have a need for additional cash. The Debtors should not be allowed to increase their commitment with the Insider Lender.

3

6.	Given that the Debtors do not have a need for additional cash, the timing of the filing of the Additional Financing Motion is questionable.  The Debtors have stated that they expect that the Insider Lender will not agree to continue lending if a Trustee is appointed. (Debtors' Brief Opposing Appointment of a Chapter 11 Trustee [Doc. No. 989], at ¶ 37).  The Debtors also suggest that the Insider Lender may declare an event of default and seek Court approval to enforce the Insider Lender's remedies (*Id.*).  This threat is illustrative of the very serious "insider conflicts" Holdings argues support the appointment of a Trustee.[3]  Because there is no need for additional financing at this time, it appears that the Debtors may have filed the Additional Financing Motion to attempt to create additional leverage in support of the Debtors' and the Lauth Insiders' objections to the appointment of a Trustee.  This is an improper purpose for seeking additional financing, and is grounds alone for denying the Debtors' request.

7.	Finally, to the extent the Court authorizes the Debtors to increase borrowings to the Insider Lender prior to the time it rules on the Trustee motion, the Court's prior "good faith" finding should not apply to such borrowings.  In addition, any Order approving additional borrowing should expressly provide that the Insider Lender is prohibited from enforcing any remedies if it declares an Event of Default under 8.01(k) of the credit agreement if a Trustee is appointed.

---

[3] Of course, the Insider Lender would be required to seek Court approval to enforce such remedies, and Holdings would vigorously object to any such motion.

**Conclusion**

For the foregoing reasons, Holdings respectfully requests that the Court deny the Additional Financing Motion and grant such other relief as this Court may deem just and appropriate.

Dated: April 2, 2010                    JENNER & BLOCK LLP

*/s/ Catherine L. Steege*
Catherine L. Steege (admitted *pro hac vice*)
Joel T. Pelz (admitted *pro hac vice*)
Melissa M. Hinds (Atty. No. 24230-49)
353 North Clark Street
Chicago, Illinois 60654
Telephone: (312) 222-9350
Facsimile: (312) 527-0484

-and-

HOSTETLER & KOWALIK, P.C.
Jeffrey A. Hokanson
Jeremy M. Dunn
101 W. Ohio Street, Suite 2100
Indianapolis, Indiana 46204
Telephone: (317) 222-7486
Facsimile: (317) 262-1010

Attorneys for LIP Holdings, LLC