**SO ORDERED: April 08, 2010.**



**Basil H. Lorch III**
**United States Bankruptcy Judge**

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| LAUTH INVESTMENT PROPERTIES, LLC., *et al.*,[1] | ) | Case No. 09-06065-BHL-11 |
|  | ) |  |
|  | ) | Jointly Administered |
| Debtors. | ) |  |
|  | ) |  |

### AGREED ORDER (A) RESOLVING LIP HOLDINGS' MOTION TO DIRECT APPOINTMENT OF A CHAPTER 11 TRUSTEE; (B) PROVIDING FOR THE <u>APPOINTMENT OF A SPECIAL MEDIATOR; AND (C) APPROVING STIPULATION</u>

This matter having come before the Court upon LIP Holdings, LLC's Motion to Direct Appointment of a Chapter 11 Trustee [Doc. No. 696] and the Supplement to LIP Holdings, LLC's Motion to Direct Appointment of a Chapter 11 Trustee [Doc. No. 724] (collectively, the "Trustee Motion"); the Court having considered the Trustee Motion and the Objections filed to the Trustee Motion by the Debtors, Regions Bank and Wells Fargo, N.A. ("Wells Fargo"), the

---

[1] The Debtors include: Lauth Investment Properties, LLC (09-06065) ("LIP"); LIP Development, LLC (09-06066) ("LIP-D"); and LIP Investment, LLC (09-06067) ("LIP-I").

Court having jurisdiction to consider the Trustee Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Trustee Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Trustee Motion having been adequate and appropriate under the circumstances; and the Court having been advised that an agreement has been reached among LIP Holdings, LLC ("Holdings"), the Debtors, and Wells Fargo regarding the resolution of the Trustee Motion and the appointment of a Special Mediator, and Holdings having agreed to withdraw the Trustee Motion with prejudice on the terms set forth herein and the Court having determined that no further notice of the entry of this Order is required,

IT IS HEREBY ORDERED:

1.    <u>Appointment of Special Mediator</u>.  This Court shall appoint a Special Mediator. The Special Mediator shall have the following rights, powers and duties: (a) the Special Mediator may retain counsel; fees and expenses of the Special Mediator and, if applicable, his or her counsel, subject to application, notice and hearing, shall be paid by the Debtors' estates; (b) the Special Mediator shall have the authority to negotiate with the Debtors, Holdings and all other parties-in-interest regarding any plans of reorganization and comment upon or report to the Court regarding any such plans of reorganization; (c) the Special Mediator shall have full and complete access to the Debtors' books and records, employees, and financial advisors and may communicate with Debtors' agents, including CB Richard Ellis and may request that such agents provide the Special Mediator with any information the Special Mediator requests; (d) the Special

Mediator is deemed a party in interest under 11 U.S.C. § 1109 and may appear and be heard on any matter; and (e) upon leave from the Court after notice and hearing, the Special Mediator may file his or her own plan of reorganization.    The Debtors, the Lauth Entities (defined below), the Lauth Principals (defined below), LIP Lenders, LLC, and Holdings agree that they will not challenge the authority of the Special Mediator to act within the scope of this Order.

2.    <u>Termination of Exclusivity</u>.  The exclusivity periods set forth in 11 U.S.C. § 1121 are hereby terminated for all Debtors in these procedurally consolidated cases immediately upon entry of this Order.

3.    <u>Lauth Principals LIP-D and LIP-I Indemnity Agreements</u>.  Robert Lauth, Gregory Gurnik, Michael Curless, Lawrence Palmer (the "Lauth Principals") will forgo any and all rights and remedies, to the extent they exist, under each and every one of the indemnity agreements executed in or around November/December/January of 2008-09 between LIP-D and/or LIP-I (the "Lauth Principals LIP-D and LIP-I Indemnity Agreements") and the Lauth Principals agree that the Lauth Principals LIP-D and LIP-I Indemnity Agreements are deemed null and void as if the Lauth Principals LIP-D and LIP-I Indemnity Agreements never existed.

4.    <u>Other LIP-D and LIP-I Indemnity Agreements</u>.   Each and every one of the indemnity agreements executed in and around November/December/January of 2008-09 between LIP-D and/or LIP-I and any of the following: Thomas Peck, Austin Lehr, Michael Jones, Todd Jensen, and J. Flint McNaughton and/or any other current or former employees of the Debtors or

any of the Lauth Entities or any other persons[2] (the "Other LIP-D and LIP-I Indemnity Agreements" and together with the "Lauth Principals Indemnity Agreements", the "LIP-D and LIP-I Indemnity Agreements") are also hereby deemed null and void as if the Other LIP-D and LIP-I Indemnity Agreements had never existed.

5.      <u>Proofs of Claim</u>.  No party may seek to enforce the LIP-D and LIP-I Indemnity Agreements or any proofs of claims based upon the LIP-D and LIP-I Indemnity Agreements.

6.      <u>No Event of Default</u>.  The entry of this Order is not an Event of Default under the Debtors' postpetition debtor-in-possession financing credit agreement with  LIP Lenders LLC.

7.      <u>Holdings and Inland Sub Communications</u>.  Holdings and Inland American (LIP) Sub LLC ("Inland Sub") and their agents and representatives are expressly permitted to communicate with the lenders, creditors and other parties in interest.

8.      <u>Continued Hearing on Wells Fargo and Wachovia Borrowers' Motions</u>.  The confirmation hearing and final disclosure statement hearing on the plans of reorganization for the "Wells Fargo and Wachovia Borrowers" and the hearing on the Motion of Wells Fargo and Wachovia Borrowers for Entry of an Order approving Loan Modification Term Sheet Between (A) Wells Fargo and Wachovia Borrowers and (B) Wells Fargo Bank, N.A. & Wachovia Bank, N.A. [Doc. Nos. 863, 871, and 872]  are hereby continued to June 21, 22, and 23, 2010.  All deadlines related to the continued hearings are hereby extended through and including June 10,

---

[2] The "Lauth Entities" are Lauth Group, Inc., Lauth Property Group, LLC, Lauth Construction, LLC, Lauth Construction Group LLC, Lauth Management, LLC, and Lauth Investment Management LLC.

4

2010 for the Special Mediator and Holdings.  Wells Fargo reserves all rights, including but not limited to the right to seek relief from the stay and to file a lender's plan of reorganization.

9.    <u>Continued Hearing on Bank of America Settlement Motion</u>.  The hearing on the Debtors' Motion For Entry Of An Order Approving Settlement Between (A) Non-Debtor Subsidiaries Denver Venture I, LLC, Denver Building C, LLC, Louisville Building II, LLC and Westpoint Venture I, LLC, (B) Bank of America, N.A. and (C) Certain Guarantors [Doc. No. 883] is hereby continued to April 20, 2010.  The Special Mediator may be heard on this motion notwithstanding the objection deadline.

10.    <u>Dismissal of the Trustee Motion</u>.  Holdings withdraws the Trustee Motion with prejudice; provided, however, the withdrawal of the Trustee Motion is without prejudice to the issues of whether any of the transfers or other transactions identified by the parties in connection with the Trustee Motion may be avoided or otherwise challenged and is without prejudice to the rights of the individuals that were parties to the LIP-D and LIP-I Indemnity Agreements to assert a claim for indemnification against LIP-D or LIP-I on any basis other than the LIP-I and LIP-D Indemnity Agreements (the "Other Asserted Indemnities")  and without  prejudice to the rights of any party in interest, including Holdings, to object to such claims in the event they have been or are asserted.  The Court is expressly making no findings with respect to the existence or validity of the Other Asserted Indemnities.

11.    <u>Stipulation</u>.  The Stipulation attached hereto as <u>Exhibit A</u> by and among LIP, Holdings, and the Lauth Individuals (as defined in the Stipulation) is hereby approved and the Debtors  are  authorized  to  deliver  the  mutual  release  provided  for  in  Paragraph  2  of  the

Stipulation and to take such other actions and to execute such other documents as may be necessary to implement the Stipulation.

12. <u>Other Parties</u>. Austin Lehr, Thomas Peck, Michael Jones, Todd Jensen, and J. Flint McNaughton (the "Other Parties") shall be entitled to the benefit of this Order and the Stipulation if, within 10 days of its entry, they provide written notice to counsel for Holdings, the Debtors, and Robert Lauth, Jr., Michael Curless, Gregory Gurnik, and Lawrence Palmer of their agreement to be bound by the terms of this Order and the Stipulation. If the Other Parties do not object to Paragraph 3 of this Order on or before 10 days of its entry, they shall be bound by its terms.

13. Jurisdiction. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

###

**<u>Exhibit A</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| LAUTH INVESTMENT PROPERTIES, LLC., *et al.*,[1] | ) | Case No. 09-06065-BHL-11 |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

**STIPULATION BY AND AMONG LIP HOLDINGS, LLC, LAUTH INVESTMENT PROPERTIES, LLC, AND THE HOLDINGS INDEMNIFIED INSIDERS**

LIP Holdings, LLC ("Holdings"), Lauth Investment Properties, LLC ("LIP"), Robert Lauth, Jr. Gregory Gurnik, Michael Curless, and Lawrence Palmer (the "Lauth Individuals"), the Lauth Entities,[2] Inland American (LIP) Sub, LLC ("Inland Sub"), and the Holdings Project Level Entities[3] (collectively, the "Parties") hereby and STIPULATE and AGREE to the following:

1.    <u>Liquidation Value</u>.    The Parties agree that the liquidation value of Holdings' assets other than the amounts collected under the Mezzanine Loan Agreement shall be $50,000,000 without regard to the amount of liquidation proceeds actually received by Inland Sub which shall be credited against Holdings' outstanding preferred equity and accumulated

---

[1] The Debtors include: Lauth Investment Properties, LLC (09-06065) ("LIP"); LIP Development, LLC (09-06066) ("LIP-D"); and LIP Investment, LLC (09-06067) ("LIP-I").

[2] The "Lauth Entities" are Lauth Group, Inc., Lauth Property Group, LLC, Lauth Construction, LLC, Lauth Construction Group LLC and Lauth Management, LLC, Lauth Investment Management, LLC.

[3] The "Holdings Project Level Entities" are Midlothian Medical Partners, LLC, Intech Retail Associates One, LLC, MCP Partners One, LLC, MCP Partners Two, LLC, SM Partners Augusta One, LLC, SMPD One, LP, SM Partners Orlando One, LLC, and SM Partners Tallahassee One, LLC.

preferred equity dividend.  The Parties further agree that Inland Sub may liquidate Holdings in the manner it deems appropriate without regard to the notice and other provisions of the Holdings Operating Agreement but subject to Paragraph 3 of this Stipulation.  LIP expressly waives all right to further notice of or participation in such liquidation and hereby transfers all of its Common Interests in Holdings to Inland Sub.

      2.   <u>Mutual Releases</u>.  Holdings, Inland American Real Estate Trust, Inc. ("Inland American") and its subsidiaries and affiliates, including but not limited to Inland Sub (collectively "Inland"), and Inland's employees, officers, directors, attorneys, and agents (including but not limited to Thomas P. McGuinness, Lori J. Foust, Scott W. Wilton, Michael E. Podboy, and Christy L. Wells Jacox) as one party to this release, and LIP, the Lauth Entities, and the Lauth Individuals, together as the other parties to this release, do hereby release each other and any of their respective employees, officers, directors, attorneys, and agents from any and all claims, counterclaims, actions, causes of action, lawsuits, proceedings, adjustments, offsets, contracts, obligations, liabilities, controversies, costs, expenses, attorneys' fees and losses whatsoever, whether in law, in bankruptcy, or in equity, and whether based on any federal law, state law, common law right of action or otherwise, including without limitation:  (i) the dissolution or liquidation of Holdings; (ii) actions taken in the Debtors' chapter 11 cases through the date hereof; (iii) any Legal Claims arising under the Holdings Operating Agreement based upon matters arising prior to the date of this Stipulation including those set forth in any Notices of Legal Claim previously sent pursuant to Section 16.12 of the Holdings Operating Agreement; (iv) any claims by Holdings or any of the Holdings' Project Level Entities against the Lauth Entities; (v) any of the claims and counterclaims heretofore asserted or assertable based upon the

2

acts, facts, transactions, or transactions described in the pleadings therein in the lawsuit captioned as: *Inland American (LIP) Sub, LLC v. Lauth et al.*, Case No. 09-893 (the "District Court Case"); and (vi) any claims by the Lauth Entities against Holdings or any of the Holdings' Project Level Entities; *provided*, *however*, that only those claims described as (a) - (c) hereafter are preserved: (a) any claims arising as a result of the breach of the agreements set forth herein; (b) any of Holdings' and Inland Sub's claims arising under the Mezzanine Loan Agreement among LIP Development, LLC and Holdings and related documents included but not limited to Holdings' and Inland Sub's claims arising under the Ownership Pledge, Assignment and Security Agreement and the proofs of claim filed by Holdings and Inland Sub against the Debtors (the claims in this subpart "b" are hereinafter referred to as: "Bankruptcy Claims"); and (c) any of Inland Sub's claims relating to its Class A Participating Preferred Interests in Holdings.  The Parties agree to negotiate and execute a full and complete mutual release reflecting the releases of all claims other than those expressly reserved above.  The foregoing releases shall not bar or restrict Holdings' or Inland Sub's right or ability to object to any proofs of claim filed by any released parties on any basis including on the basis of any facts or matters asserted in the District Court Action.

     3.    <u>Indemnification of Holdings Indemnified Parties</u>. Inland Sub shall indemnify the Holdings Indemnified Parties[4] with respect to any obligation of Holdings under  § 7.5 of the Holdings Operating Agreement and for any amounts that would be recoverable under such provision solely with respect to the Holdings' Project Level Entities' debt, including the

---

[4] The "Holdings Indemnified Parties" are the Lauth Individuals and Michael Jones, Todd Jensen, and J. Flint McNaughton.

guaranties of the Holdings Indemnified Parties (the "Personal Guaranties") of debt related to the following properties and owed to the following lenders: MCP Partners One, LLC (Irwin Union); MCP Partners Two, LLC ("Wells Fargo"); and SM Partners Augusta One, LLC ("Flagstar Bank"). This indemnification obligation of Inland Sub is not subject to and may not be reduced by the setoff of any claims of Inland Sub against or obligations of the Lauth Individuals or other indemnities to Inland Sub. Upon the release or other satisfaction of such Personal Guaranties, such right shall cease and Inland Sub shall be entitled to transfer such funds or property, as the case may be, to any other party, including its parent entity.

4.      <u>Resignation of LIP Members of the Holdings Board of Managers</u>. Within one business day following the entry of this Order, Robert Lauth and Michael Curless shall resign from the Holdings Board of Managers.

5.      <u>Vacation of Property; Payment of Rent</u>. On or before August 1, 2010, the Lauth Entities and the Debtors shall vacate the premises leased from MCP Partners One, LLC ("MCP One") and commonly known as 401 N. Pennsylvania Parkway, Indianapolis, IN (the "Premises"). For the period from June 15, 2010 through the date on which the Lauth Entities and the Debtors vacate the Premises, the Lauth Entities shall pay rent to MCP One on based on an annual rate to have 10,000 square feet of space at $14.00 per square foot gross, with such rent due on June 15, 2010 in advance for the period from June 15, 2010 through August 1, 2010. In the event that the Lauth Entities and the Debtors fail to vacate the Premises on August 1, 2010, rent shall be due thereafter in the holdover amount of 125% of the rent rate set forth herein. The Lauth Entities, the Debtors and MCP One agree that any leases, agreements, and licenses related to the Premises are hereby terminated without penalty. The Lauth Entities and the Debtors shall

4

vacate the Premises in a commercially reasonable manner and shall not remove any fixtures from the Premises.

6. <u>Transition Services/Cooperation</u>. At Holdings exclusive option, the Lauth Entities shall continue to perform transition services to Holdings and the Holdings Project Level Entities for no consideration through at the latest August 1, 2010. The Lauth Entities and the Debtors agree that they shall cooperate in the transition and shall turnover to Holdings or its designated agents all books and records and all property, including any bank accounts related to Holdings and the Holdings Project Level Entities.

7. <u>Termination of Services Agreements</u>. The Lauth Entities and the Debtors shall agree to terminate without any penalty or any claims or damages all Service Agreements as defined in the Holdings Operating Agreement and any other agreements with the Lauth Entities. Notwithstanding Section 6(b)(iii) of Annex A of the Holdings Operating Agreement or any other provision therein, Inland Sub and Holdings shall not be required to make any payments to the Lauth Entities or the Debtors on account of such transition or asset management services, or any other agreements with any other Lauth Entities, but payments will continue under property management agreements and leasing and listing agreements with third parties. Holdings agrees to pay the Lauth Entities for tenant improvement construction services owed to the Lauth Entities as of the date of this Stipulation up to an amount not to exceed $50,000. In addition, Holdings agrees to pay Ernst & Young up to $6,229 for 2009 Holdings' tax returns and related documents. The Lauth Entities shall not incur further tenant improvement construction services expenses without approval of Holdings. For those amounts that Holdings is required to pay hereunder, the

5

Lauth Entities shall provide Holdings with the invoices and other reasonable back-up to support the amounts due.

8.      <u>Dismissals of the State Court Lawsuit and District Court Case</u>.   Within one business day of the entry of the Order approving this Stipulation, the Lauth Individuals shall cause the lawsuit filed in Hamilton County State Court, *Lauth et al. v. Inland American (LIP) Sub, LLC and LIP Holdings, LLC* (the "State Court Lawsuit") to be dismissed without prejudice, *provided, however*, that upon the release or other satisfaction of the Personal Guaranties, the Plaintiffs will be barred from refiling the State Court Lawsuit.   The Parties shall move to promptly cause the dismissal of the District Court Case with prejudice as to all parties other than Thomas Peck.   With  respect to Mr. Peck, the Lauth Individuals and Lauth Entities agree to cooperate with Inland Sub to obtain a dismissal of claims and counterclaims related to Mr. Peck.

9.      <u>Dismissal of Adversary Proceedings</u>.   Within one business day of the entry of this Order, the Debtor LIP shall cause the following Adversary Proceedings to be dismissed without prejudice: *Lauth Investment Properties, LLC et al. v. Inland American (LIP) Sub, LLC* (Case No. 09-50304) and *Lauth Investment Properties, LLC et al. v. LIP Holdings, LLC* (Case No. 10-50051).

| | |
|---|---|
| SO STIPULATED AND AGREED<br><br><br>LIP Holdings, LLC, by its counsel:<br><br>*[signature]*<br>Catherine L. Steege (admitted *pro hac vice*)<br>Joel T. Pelz (admitted *pro hac vice*)<br>Melissa M. Hinds (49-24230)<br>Jenner & Block LLP<br>353 North Clark Street<br>Chicago, Illinois 60654<br><br>-and-<br><br>Jeffrey Hokanson<br>Jeremy Dunn<br>Hostetler & Kowalik<br>101 West Ohio Street, Suite 2100<br>Indianapolis, Indiana 46204 | Lauth Investment Properties, LLC; LIP Development, LLC; and LIP Investment, LLC, the Debtors, by their counsel<br><br>*[signature]*<br>James Stempel (admitted *pro hac vice*)<br>Ross Kwasteniet (admitted *pro hac vice*)<br>Arun Kurichety (admitted *pro hac vice*)<br>Kirkland & Ellis LLP<br>300 North LaSalle<br>Chicago, Illinois 60654<br><br>-and-<br><br>Jerry Ancel<br>Jeffrey Graham<br>Taft Stettinius & Hollister LLP<br>One Indiana Square, Suite 3500<br>Indianapolis, Indiana 46204 |
| Robert Lauth, Jr., Michael Curless, Gregory Gurnik, and Lawrence Palmer, by counsel:<br><br>*[signature]*<br>James M. Carr<br>Baker & Daniels<br>300 North Meridian St., Suite 2700<br>Indianapolis, Indiana 46240 | Inland American (LIP) Sub, LLC<br><br><br>*[signature]*<br>Jeffrey Hokanson<br>Jeremy Dunn<br>Hostetler & Kowalik<br>101 West Ohio Street, Suite 2100<br>Indianapolis, Indiana 46204 |
| The Lauth Entities<br><br>*[signature]*<br>James M. Carr<br>Baker & Daniels<br>300 North Meridian St., Suite 2700<br>Indianapolis, Indiana 46240 | |